[No. 13273.    Department One. — June 8, 1891.]

JOHN LONG, RESPONDENT, v. R. C. SAUFLEY, AP-PELLANT.

APPEAL — CONFLICTING EVIDENCE — DAMAGES FOR FRIVOLOUS APPEAL. — The decision of the trial court upon conflicting evidence is conclusive, and will not be reviewed upon appeal from an order denying a new trial; and where the only ground urged upon appeal for a reversal is that the trial court did not properly consider the conflicting evidence, the appeal will be treated as frivolous, and the order will be affirmed, with damages.

ID. — WAIVER OF FINDINGS — PRESUMPTION UPON APPEAL. — Where findings are waived, it will be presumed on appeal that the trial court found all the facts necessary to sustain the judgment.

WRITTEN CONTRACT — PAROL EVIDENCE — CONTINGENT LIABILITY. — A written agreement cannot be limited or qualified by oral testimony that the liability of one of the parties thereto was contingent upon some prior condition not expressed therein.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a new trial.

The facts are stated in the opinion of the court.

*Stewart & Herrin,* and *W. T. Baggett,* for Appellant.

*D. H. Whittemore,* and *W. H. Sears,* for Respondent.

The COURT — The judgment in this case has been heretofore affirmed by this court. (79 Cal. 260.) The present appeal is from an order denying a new trial. The action was brought upon the following agreement,

executed by the defendant to James H. Long, the assignor of the plaintiff: —

"SAN FRANCISCO, April 7, 1885.

"For value received, I hereby agree to pay to J. H. Long, or order, the sum of five hundred ($500) dollars out of money collected on judgment in action of *Frank* v. *Kilbourn et al.,* No. 13636, Superior Court City and County of San Francisco, Department No. 7, provided that said money shall be collected from property of defendant pointed out by the said Long.          R. C. SAUFLEY."

The defendant, in addition to a denial of the allegations in the complaint, alleged, "for a further and separate defense to said action," that he had been induced to execute the instrument sued on by certain false and fraudulent representations made to him by such James H. Long, and that said contract was "inequitable, and wholly fraudulent and void." At the trial of the action the defendant did not deny the execution of the instrument sued on, but offered evidence for the purpose of showing the negotiations between him and said Long prior to its execution regarding the subject-matter thereof, and that in those negotiations Long had agreed that he would point out other property from which the judgment could be made than that upon which the execution was subsequently levied. Long denied that any such agreement had been made by him, or even made the subject of conversation between him and the defendant, and it was shown by the witnesses for the defendant that the execution upon said judgment was placed in the hands of Long, and that under his instructions a levy was made upon this property, and that thereafter without any sale the defendant accepted four thousand dollars from the judgment debtor in satisfaction of the judgment.

The court rendered judgment in favor of the plaintiff, and as findings were waived, we must assume that the court found all the facts that were necessary to sustain

its judgment. The effect of the written agreement of the defendant could not be limited or qualified by any oral testimony that his liability was contingent upon some condition not expressed therein. The matters alleged by the defendant in his separate answer constituted an affirmative defense which it was incumbent upon him to establish by a preponderance of evidence. The testimony offered by him in support of this defense was contradicted by Long, and Long's testimony was in many respects corroborated by the testimony of the defendant's witnesses. Upon this conflict of evidence the court held that the defendant had failed to establish a defense to the action. Upon his motion for a new trial the defendant again presented the matter to the court, and in his statement expressly called attention to the fact that the evidence was sufficient to support his answer; but the court, after mature consideration, held otherwise, and denied a new trial.

This court has repeatedly held that the decision of the trial court upon conflicting evidence is conclusive, and that when that court upon a motion for a new trial has refused to set aside such decision, this court will not reverse or even review its action. In view of this rule, it must be held that an appeal from an order denying a new trial, wherein the only ground urged for a reversal is that the court below did not properly consider the conflicting evidence, is frivolous.

The order appealed from is affirmed, with one hundred dollars damages; and the superior court is directed to allow to the respondent that amount of money as a part of the costs on appeal.

Hearing in Bank denied.