[No. 67. Second Appellate District.—October 2, 1905.]

## JAMES H. GRIFFIN, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY, Appellant.

NEGLIGENCE—INJURY TO RAILWAY PASSENGER—CONSTRUCTION OF FINDING—DAMAGES—PRESUMPTION.—In an action for negligence of a railway company causing an injury to plaintiff as a passenger, findings for the plaintiff are to receive such a construction as will support the judgment; and a finding that one thousand dollars will compensate plaintiff for the detriment caused will be construed to mean the amount necessary to compensate the plaintiff upon the presumption that the court, in the proper discharge of its duty, fixed no sum greater than was necessary and proper under

the facts before it. The amount so found as compensation for the breach of defendant's duty will be deemed a fixation of the damages allowed for such breach by section 3333 of the Civil Code.

ID.—SUPPORT OF FINDING AS TO NEGLIGENCE—PREPARATION OF PASSENGER TO ALIGHT—SUDDEN JERK—PRESUMPTION.—A passenger has a right as the car is approaching the place of destination to proceed to the door preliminary to alighting; and when, while preparing to alight, the car gave a sudden jerk, without notice, by reason of which he was precipitated to the ground and injured, the law presumes that defendant was not exercising the utmost care and diligence for the safe carriage of the passenger; and as the injury was produced by the carrier in operating the instrumentalities employed in its business, the presumption of negligence follows.

ID.—UTMOST CARE REQUIRED OF CARRIER—DUTY OF SUPERVISION—MEANS OF KNOWLEDGE.—Whatever may be the rule elsewhere, a carrier of passengers in this state must bestow the utmost care, which involves such constant supervision and observation over and of passengers as will insure to the employees accurate information as to the condition and position of those under the carrier's charge. Where the means of knowledge in relation thereto exist, the same rule applies as would obtain where actual knowledge exists.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Norman S. Sterry, for Appellant.

Job Harriman, and Camp & Lissner, for Respondent.

ALLEN, J.—This is an action to recover damages by a passenger on one of defendant's cars, based on the claim of negligence in the operation of a car upon which plaintiff was being carried. Trial was by the court, with findings and judgment against defendant, from which and an order denying a new trial defendant appeals.

The court finds that on September 26, 1902, plaintiff was a passenger on one of defendant's cars which were being operated on Raymond Avenue within the city of Pasadena; that it was the duty of defendant to stop such car at the crossing of Union Street with Raymond Avenue in said city;

that when approaching such street-crossing plaintiff notified defendant's servants to stop thereat that the plaintiff might alight from such car; that the speed of the car was slackened as if to stop, and plaintiff arose from his seat and proceeded to the rear door of the car, which was open, and stood there waiting for the car to come to a full stop; that while standing the defendant's servants carelessly and negligently caused the electric power to be turned on suddenly, thereby giving the car a sudden jerk, by reason of which plaintiff was thrown out of the door of the car and violently to the ground, and was injured and wounded so that he became sick, sore, and disabled, and for a long time was unable to perform his usual work; that the amount which will compensate him for the detriment proximately caused by such injury is one thousand dollars. The court further found that plaintiff was guilty of no contributory negligence, and rendered judgment in plaintiff's favor for one thousand dollars.

Defendant first contends that the judgment is unsupported by the findings; that the finding that one thousand dollars will compensate plaintiff for the detriment caused is not the equivalent of a finding that he was damaged to the extent of one thousand dollars, upon the theory that if he were damaged in a less sum the finding would still be true. Findings of a trial court are to receive such construction as will uphold rather than defeat its judgment, and whenever from the facts found by it other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court, and upon appeal from that judgment, this court will not draw from those facts any inference of fact contrary to that which may have been drawn by the trial judge for the purpose of rendering his judgment. (*Breeze* v. *Brooks*, 97 Cal. 77, [31 Pac. 742].) And in this case, where the court finds the amount which will compensate, it will be taken to mean the amount necessary to compensate, if for no other reason than that which follows the presumption that a court in the proper discharge of its duty fixed no sum greater than was necessary and proper under the facts before it. That which will compensate for all the detriment proximately caused by the breach of duty is fixed as the measure of damages by section 3333 of the Civil Code,

and when such sum is found and determined it is a fixation of the damage.

Appellant next claims that the finding that defendant negligently and carelessly failed to stop said car at or near Union Street, but instead, and without notice to plaintiff, caused said electric power to be turned on suddenly, causing the car to give a sudden jerk, thereby throwing plaintiff to the ground, is unsupported by the evidence, because it does not appear therefrom that the car did not come to a full stop at Union Street. Whether the car eventually stopped at Union Street or not is of little consequence in this case. The act which produced plaintiff's injury occurred before such street was reached. Under the circumstances of this case, plaintiff possessed the right to proceed to the door preliminary to alighting. In *McCurrie* v. *Southern Pacific R. R. Co.,* 122 Cal. 562, [55 Pac. 324], the court says: "It cannot be said as a matter of law that the plaintiff, by leaving his seat after the train had stopped, and attempting to go to the platform for the purpose of meeting his son, was guilty of any negligence which contributed to his injury." Neither can we say in this case that the conduct of the plaintiff in leaving his seat and proceeding to the door was negligence as a matter of law. And if, as found by the court, the car was so operated as to violently throw plaintiff therefrom, the law presumes that defendant was not exercising the utmost care and diligence for the safe carriage of the passenger. The injury is shown to have been produced by the carrier in operating the instrumentalities employed in its business. The presumption of negligence follows. (*Babcock* v. *Los Angeles etc. Co.,* 128 Cal. 178, [60 Pac. 780].) The court found no contributory negligence on the part of plaintiff, and there is ample evidence in its support. That the injury was the proximate result of this sudden application of the power is found by the court, and has support in the testimony. Appellant lays much stress upon the proposition that the record does not disclose that defendant had knowledge of the position of plaintiff when the sudden acceleration of speed was attempted, and that it was not negligence to increase the rate of speed, unless the servants of the defendant knew that the result might be injurious to the passenger. Whatever may be the rule in other jurisdictions, in California the care which

the carrier must bestow is the utmost care. This involves such constant supervision and observation over and of passengers as will insure to its employees accurate information as to the condition and position of those under their charge; and when, as in this case, the means of knowledge in relation to the position of plaintiff was in the company, the same rule should apply as would obtain when actual knowledge exists. The finding of negligence on the part of defendant is supported and exists by reason of the want of care in taking precautions to ascertain before applying the current the position of those under its charge, and the reasonable effect to be apprehended by a sudden start.

We find no error in the record, and the judgment and order are affirmed.

Gray, P. J., and Smith, J., concurred.