[L. A. No. 2283. Department One.—June 25, 1909.]

J. W. ERNEST, Appellant, v. J. W. McCAULEY and CLINTON JOHNSON, Defendants and Respondents, and FIRST NATIONAL BANK OF LOS ANGELES, Defendant, Cross-Complainant and Respondent.

CANCELLATION OF NOTE—FRAUDULENT REPRESENTATIONS ACCOMPANYING SALE—ADMISSIONS AGAINST INTEREST—EVIDENCE.—In an action to cancel a promissory note given for the purchase price of stock in a mining company, on account of misrepresentations and fraud concerning the value and character of the mines owned by it, evi-

dence is admissible for the defendants to the effect that after the making of the note the plaintiff had visited the mines and had fully examined them, and thereafter had expressed himself as satisfied with their character and value. Such statements, taken in connection with the fact that the plaintiff had previously made several examinations of the mines, both before and after he purchased the stock, constituted an admission against his interest tending to show that the representations complained of were not false.

ID.—CONFLICT OF EVIDENCE—QUESTIONS FOR TRIAL COURT.—The weight of testimony and the credibility of witnesses are matters for the exclusive determination of the trial court in any case where there is a substantial conflict.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Lucius M. Fall, for Appellant.

D. P. Hatch, for Respondents McCauley and Johnson.

Gibson, Trask, Dunn & Crutcher, for Respondent First National Bank of Los Angeles.

SHAW, J.—The plaintiff brought this action against the defendants to obtain a decree canceling a note for $3937.70, executed by the plaintiff to defendant Johnson, and by him indorsed to the defendant bank before maturity, as collateral security for a note executed by Johnson to the bank for $3750. The complaint also asked, in case it was determined that the cancellation could not be had as against the bank, that it be restrained from collecting from the plaintiff any greater sum than the amount due upon the note of Johnson to the bank, and that as to the residue the note be canceled. The appeal is from the judgment and from an order denying the plaintiff's motion for a new trial.

The bank filed a cross-complaint against the plaintiff and Johnson, asking judgment against the plaintiff upon the note executed by the plaintiff to Johnson, and against Johnson upon the note which he had executed to the bank. The court made separate findings and judgments, giving judgments in

favor of the bank against the plaintiff for the amount of the note sought to be canceled, and against Johnson upon his note to the bank, for which the plaintiff's note was held as security. The judgment against Johnson was greater in amount than that against the plaintiff. Judgment was also given in favor of Johnson and McCauley against the plaintiff.

The complaint alleged that the note of plaintiff to Johnson, which was assigned by him to the bank, had been procured by misrepresentations and fraud concerning the value and character of certain mines in Shasta County. The note was given for the purchase price of 39,377 shares of stock in the company owning said mines. The court found that there was no misrepresentation, that the note was given for a valuable consideration, and that the bank was a purchaser for value before maturity and without notice of the nature of the consideration, or of any misrepresentations or fraud.

The plaintiff claims that the court erred in allowing testimony to prove that, after the execution and delivery of the note to Johnson, the plaintiff had visited the mines and had fully examined them, and thereafter expressed himself as satisfied with their character and value. We do not perceive any error in this ruling. The plaintiff's statement, taken in connection with the fact that he had previously made several examinations of the mines, constituted an admission against his interest tending to show that the representations complained of were not false. The testimony showed that he had made one visit to the mines before executing the note, and had spent some four hours examining their character, and was then so well satisfied that their condition and value was as represented, that he executed the note for the stock, and that a few weeks afterward he made another visit to the mines and spent several days there making a thorough examination; after which he expressed himself as satisfied with the bargain he had made. The testimony as to these acts and declarations by him was clearly admissible against him.

The only other error assigned is that the evidence is insufficient to sustain the findings of the court. It is unnecessary to discuss this assignment of error at length. The case presents the familar one of a conflict of the evidence. The plaintiff testified to the effect that the character of the mines was grossly misrepresented and that he was prevented from mak-

ing a proper examination by the artifices of Johnson and McCauley. There was other testimony to the contrary which, though not entirely conclusive, was sufficient to present a substantial conflict for the trial court to consider and determine. With respect to the First National Bank, there is no sufficient testimony from which the court could have held that it was a purchaser in bad faith. Under these circumstances we cannot disturb the findings. The rule is too well settled to require the citation of authority to the effect that the weight of the testimony and the credibility of the witnesses are matters for the exclusive determination of the trial court in any case where there is a substantial conflict.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.