[Civ. No. 708. First Appellate District.—March 17, 1910.]

WM. M. AYDELOTTE, Respondent, v. I. T. BLOOM, Appellant.

ACTION FOR LEGAL SERVICES—CONFLICT OF EVIDENCE—SUPPORT OF VERDICT.—In an action for legal services, where the testimony of the plaintiff is corroborated, and there is conflicting evidence for the defendant, the verdict for the plaintiff is sufficiently sustained, and this court will not interfere therewith.

ID.—PLEADING—REASONABLE VALUE OF SERVICES—EVIDENCE OF RETAINING FEE.—Under a general complaint to recover the reasonable value of plaintiff's services as an attorney at law, evidence is admissible, without special pleading thereof, to prove the amount of a reasonable retaining fee.

ID.—RETAINER PART OF CAUSE OF ACTION.—Where an action is brought to recover the value of an attorney's services, the retainer, if not paid, constitutes part of the plaintiff's cause of action; and it is not necessary to set forth the items of the account in the complaint. It is sufficient to state the facts constituting the cause of action in ordinary and concise language.

ID.—BILL OF PARTICULARS.—Where, upon a demand for a bill of particulars, one was furnished setting forth detailed items for disbursements, and one lumping charge for the whole of the legal services, and no further bill of particulars was demanded, it was competent in proving the value of the services to prove the amount of a reasonable retaining fee.

APPEAL from an order of the Superior Court of Santa Cruz County, denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Hugh R. Osborn, for Appellant.

Wm. M. Aydelotte, and A. H. Jarman, for Respondent.

KERRIGAN, J.—This is an action to recover the reasonable value of services rendered as an attorney at law. The case was tried with a jury, and in accordance with its verdict a judgment was entered in favor of the plaintiff and against the defendant for the sum of $600. This appeal is from an order denying defendant's motion for a new trial.

The evidence upon both sides presented has been read and considered. Very briefly the facts are as follows: The plaintiff testified that he rendered the defendant certain services as an attorney at law; that the reasonable compensation for such services was $1,000. He rendered a bill, however, for $750, and sued for this amount. His testimony as to the services rendered and as to their value was corroborated. The defendant did not dispute that the plaintiff had rendered the services, but claimed that they were performed, not as an attorney at law but as an expert bookkeeper, and that they were not so extensive as claimed by plaintiff, and that the reasonable value of the same was $265, and introduced evidence to that effect.

It thus appears that there is a conflict in the evidence; and as there is evidence to sustain the verdict of the jury, this court, as has been repeatedly held, will not interfere. (*Berger* v. *Horlock*, 10 Cal. 352, [101 Pac. 918] ; *Ernest* v. *McAuley*, 155 Cal. 739, [102 Pac. 924].) In the case of *Long* v. *Saufley*, 89 Cal. 437, [26 Pac. 902], it was said: "This court has repeatedly held that the decision of the trial court upon conflicting evidence is conclusive, and that when that court upon a

motion for a new trial has refused to set aside such decision, this court will not reverse or even review its action."

One of plaintiff's witnesses, an attorney at law, in testifying as to what in his opinion plaintiff's services were reasonably worth, said: "I should say he should be entitled to a retainer of $500, and his services should be worth in addition to that from $700 or $750 to $1,000. I should say that he should have $1,250 for those services including the retainer." Defendant objected to that part of the answer referring to the retainer, and now claims that as the plaintiff did not sue for or demand a retainer the testimony was erroneously admitted. It is true that the plaintiff does not in his complaint in terms mention a retaining fee, but merely alleges that the amount sought to be recovered is the reasonable value of the services rendered; but it has been decided that upon such an allegation an attorney may in proving such value include therein the amount of a reasonable retaining fee. (*Knight* v. *Russ,* 77 Cal. 410, [19 Pac. 698]; *Roche* v. *Baldwin,* 143 Cal. 186, [76 Pac. 956].) In the former case the court said: "When an action is brought to recover the value of an attorney's services the retainer, it not having been paid, constitutes a part of the plaintiff's cause of action, but it is not necessary to set forth the items of the account in the complaint. It is sufficient to state the facts constituting the cause of action in ordinary and concise language, and if the defendant desires further particulars, he may call for them, and they must be given to him within a reasonable time. (Code Civ. Proc., secs. 426, 454.) At the trial, if an issue has been tendered as to the value of the services, their value must be proved, and that will include the value of the retainer." In the case at bar, on the demand of defendant a bill of particulars was furnished, which included various items of disbursements, and one item detailing the various services rendered, and making one lumping charge for the whole of those services. No further bill of particulars was called for. It was in proving the value of the services detailed in this last-mentioned item that the testimony was received as to the amount of a reasonable retaining fee; and we think, under the authority of the two cases last cited, that the evidence was properly received.

The order appealed from is affirmed.

Hall, J., and Cooper, P. J., concurred.