[Civ. No. 808. Third Appellate District.—June 5, 1911.]

ALICE BRUCE, Appellant, v. H. S. BRUCE, Respondent.

ACTION FOR DIVORCE—EXTREME CRUELTY—ALLOWANCE OF LUMP SUM— CHARGE ON HOMESTEAD ON SEPARATE ESTATE OF HUSBAND.—In an action of divorce granted to the wife for extreme cruelty of the husband, notwithstanding the homestead was on the separate estate of the husband, and was set apart to him, the court had power to assign a lump sum of $4,500 to the wife with interest, and to make the same a lien on the homestead property, where it appears that the husband owned property worth $28,000, from which he receives a large income annually.

ID.—FINDINGS WAIVED—CHARACTER OF HOMESTEAD—RECITAL IN JUDGMENT.—Where findings were expressly waived by both parties, a

general recital in the judgment that all of the material allegations of the complaint are true is to be understood to be a general recital as to the facts constituting the cause of action, and not to include a statement as to the character of the homestead as being on community property, where the judgment expressly recites that it was declared on the separate property of the husband, which recital must prevail.

ID.—EFFECT OF WAIVER OF FINDINGS—INTENDMENTS IN FAVOR OF JUDGMENT.—Where findings are expressly waived by the parties, every intendment is in favor of the judgment, and it must be assumed that the court found all of the facts necessary to sustain the judgment.

ID.—UNTENABLE OBJECTION TO AMOUNT ASSIGNED—PRESUMPTIONS.— The objection upon appeal from the judgment, that the amount assigned is unjust, cannot be entertained, in view of the alleged amount of defendant's property, and of the waiver of findings, in view of which it must be presumed that every fact essential to support the judgment was proved and found, and that the amount awarded by the judgment was justified by the evidence, and represents an equitable adjustment and adjudication of the wife's rights.

APPEAL from interlocutory decree of divorce in the Superior Court of Kings County.    John B. Covert, Judge.

The facts are stated in the opinion of the court.

M. L. Short, and Dixon L. Phillips, for Appellant.

Charles G. Lamberson, and H. P. Brown, for Respondent.

HART, J.—This is an action by the plaintiff for a divorce from the defendant.

The parties intermarried in the month of March, 1896, the defendant having previously been married and raised a family of children by his former wife.

An interlocutory decree, adjudging plaintiff to be entitled to a divorce, was rendered and entered.

The decree, however, assigned to the defendant the homestead of the parties and awarded to the plaintiff, as alimony for her permanent support and maintenance, the lump sum of $4,500, with interest thereon at the rate of seven per cent per annum, from the date of the rendering of said judgment until said sum is paid, the same to be a lien on the homestead property referred to.

This appeal is by plaintiff from said last-stated portion of the decree.

The sole ground for the divorce, as set out in the complaint, is extreme cruelty, charged to have been committed by the defendant on the plaintiff for a series of years by various and numerous alleged violent acts and words on the part of the former.

The complaint further alleges that the defendant "is the owner and possessor of a large amount of real and personal property of the value of about $28,000, from which he received a large amount of rents and profits, which amount plaintiff is unable to state exactly, but on information and belief alleges that it amounts to as much as $3,500 annually."

Proceeding further, the complaint declares that, since the intermarriage of plaintiff and defendant, the latter acquired a certain piece of real property, situated in Kings county, and upon which the plaintiff, after the acquisition of the same by defendant, duly made, executed and caused to be duly recorded a declaration of homestead, etc., but that, since the twentieth day of June, 1908, defendant has prevented plaintiff from residing upon said premises or any part thereof; that said defendant "has received the rents, issues and profits of said property and is now receiving the same, and has appropriated and now appropriates the whole thereof to his own uses and purposes, the amount of which, plaintiff alleges, upon information and belief, is the sum of about $3,000 annually."

The answer specifically denies all the material averments of the complaint.

Findings were expressly waived by both parties; but the judgment contains, among other things, the following recital: ". . . and it appearing and having been satisfactorily proven to the court that *all of the material allegations of the complaint herein are true,*" etc., and upon this counsel for appellant advance the proposition that, such recital being in effect a finding that all the material facts stated in the complaint are true, that portion of the decree declaring that the homestead mentioned therein was selected from the separate property of the defendant and assigning the same to him is not only without support, but directly antagonistic to the findings. In other words, the contention is that said recital

in effect constitutes a finding that the homestead was selected from the community property.

This contention is clearly devoid of merit.

Said recital was no doubt intended by the court to refer to those averments which involve a statement of the facts constituting the ground upon which the divorce is asked and was allowed, and, as it was not necessary to insert it in the judgment, being no essential part thereof, it may be regarded, as it certainly is, in view of the waiver of findings by the parties, as surplusage, and therefore entitled to no consideration in the determination of the effect of the interlocutory judgment on the property rights of the parties.

But if the recital referred to may be treated or regarded as a finding of the facts, equally so may the recital in the judgment that said homestead was selected by plaintiff from the separate property of the defendant be regarded. Conceding both recitals to be the equivalents of findings of fact, that which finds that the homestead was selected from defendant's separate estate would have to prevail. There is no direct averment in the complaint that the homestead was taken from the community. The allegation in the complaint as to the homestead is merely that said homestead was selected from property acquired by defendant *after* the intermarriage of the parties. The effect of this allegation is only to raise a disputable presumption that the property so acquired belonged to the community. Of course, it does not necessarily follow as a fact that, because the homestead may have been selected from property acquired by one of the spouses during their coverture, such homestead has been selected from the community property. Therefore, treating, for the present purpose, as findings of fact the recitals in the judgment that all the material averments of the complaint are true and that the homestead was selected from the separate property of the defendant, said "findings," construed by the light of the presumptions in favor of the judgment, necessarily mean that, while it is true that the homestead was selected from property acquired by the defendant during his marriage relation with the plaintiff, it was, nevertheless, selected from his separate estate, the property so selected having been acquired by his separate means.

In other words, the finding that the homestead was of the separate property of the defendant presupposes the introduction and reception of proof sufficient to overcome and dissipate the presumption, arising from the allegation of the complaint, that said property was acquired during the coverture of the parties, that the same was selected from the community. But this is, in reality, only to state, in a different form, the rule that, where findings are expressly waived by the parties, every intendment is in favor of the judgment. As is said in *Long* v. *Saufley,* 89 Cal. 438, [26 Pac. 902], "as findings were waived, we must assume that the court found all the facts that were necessary to sustain its judgment." (See, also, *Blanc* v. *Paymaster Mining Co.*, 95 Cal. 530, [29 Am. St. Rep. 149, 30 Pac. 765]; *Breeze* v. *Brooks,* 97 Cal. 77, [31 Pac. 742, 22 L. R. A. 257]; *Ames* v. *City of San Diego,* 101 Cal. 390, [35 Pac. 1005]; *Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986]; *Krasky* v. *Wollpert,* 134 Cal. 338, [66 Pac. 309]; *Griffin* v. *Pacific Electric Ry. Co.,* 1 Cal. App. 680, [82 Pac. 1084].)

It is, as we have seen, further objected that that portion of the decree awarding to plaintiff, for her permanent support and maintenance, the lump sum of $4,500, only, constitutes an unjust and inequitable adjustment of her rights in that respect, when compared to the value of defendant's property.

But we perceive no ground upon which we would be justified in disturbing the judgment in that particular.

The complaint, as has been shown, declares that the defendant was, at the time of the commencement of this action, the owner of property of the value of $28,000, from which he received, as rents and profits, the sum of $3,500 annually; but it is not alleged that said property or any part thereof belongs to the community, nor is it stated that said property was acquired after the intermarriage of the parties.

The presumption is, as before declared, that every fact essential to the support of the judgment was proved and found by the court, and it, therefore, of necessity follows that the action of the court, as crystallized in its judgment, awarding plaintiff the sum of $4,500, must be presumed to have been justified by the evidence and that that sum repre-

sents a just and equitable adjustment and adjudication of her rights in that regard.

We have been shown no legal reason why the judgment should not stand, and it is, therefore, affirmed.

Burnett, J., and Chipman, P. J., concurred.