[Civ. No. 18134.   First Dist., Div. Two.   Oct. 7, 1959.]

LUDWIG M. WILSON et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Ben K. Lerer and Charles O. Morgan, Jr., for Appellants.

Dion R. Holm, City Attorney, and Agnes O'Brien Smith, Deputy City Attorney for Respondents.

DOOLING, J.—In an action for wrongful death plaintiffs, surviving husband and daughter of the decedent Leah Wilson, appeal from a judgment for defendant entered following a jury's verdict. Decedent, a resident of New York, was riding on the outside seat of a cable car operated by defendant. As the car was rounding the curve from Washington Street to Powell Street decedent fell to the street and was killed. The evidence was in conflict as to the speed of the car and as to whether the passengers were warned by the operator of the car to hold on while it was rounding the curve.

Appellants argue that there was no sufficient evidence to support a finding of decedent's contributory negligence and that it was for this reason error to instruct the jury on contributory negligence. Appellants point out that decedent was a stranger to San Francisco having never before ridden on a San Francisco cable car except on the outbound trip to Fisherman's Wharf from which she was returning when she sustained her fatal accident. From this and other evidence they claim that no finding of contributory negligence could be supported. However, apart from all other considerations, the evidence would support a finding that the operator warned the passengers to hold on for the curve and that decedent did not do so. If the jury found as they could have done that this warning was given and that decedent heard it and failed to heed it this alone would support a finding of contributory negligence. The evidence was in conflict as to whether such warning was given, or if given was heard by decedent. Decedent's granddaughter, who was riding in the seat beside her, testified that she heard no warning. This created a conflict in the evidence which would have permitted the jury to find either that no warning was in fact given or that, while a warning was given, it was not audible to one sitting where decedent sat.

The second possibility points up the importance of the court's failure to give the following instruction proposed by appellants: "If you believe the decedent, Leah Wilson, did not in fact hear or know of any warning given, if you believe any was given, then she cannot be affected by such warning in determining the issue of contributory negligence."

A party "is entitled to proper instructions on every material issue of fact upon which he relies when there is substantial evidence to support his theory of the case." (*Stickel* v. *Durfee,* 88 Cal.App.2d 402, 406 [199 P.2d 16].)

■ There was substantial evidence to support the theory that if a warning was given decedent did not hear it. The instruction would have correctly advised the jury that in determining the issue of her contributory negligence they could not consider the giving of a warning if they found that she did not hear it, and the court was in error in refusing to so instruct. This issue was not only important, but under the facts of this case may have been crucial.

■ The jury was properly instructed in the language of Civil Code, section 2100, that the defendant city and county was a common carrier and as such "is required by law to use the utmost care and diligence for the safe carriage of the decedent." In another instruction it was told that "if you find that this death was caused by some negligence, *however slight,* of the defendant . . . and that the plaintiff [sic] was free from contributory negligence," your verdict should be in favor of the plaintiffs. (Emphasis ours.) It was also correctly instructed on the defense of contributory negligence and the burden of proof thereof. The jury was, however, in addition given the following instruction on contributory negligence of which appellants complain:

"There are no degrees of negligence or contributory negligence in California. . . . If you find that the decedent was guilty of any negligence, *however slight,* proximately contributory to, or causing her death, your verdict must be against . . . the plaintiff [sic], and in favor of the defendants." (Emphasis ours.)

We must agree with appellants that in the form in which it was given this instruction was both erroneous and prejudicial. As applied to the standard of care imposed upon the common carrier as compared to the standard imposed on the passenger it is both erroneous and misleading to tell the jury, as was done here, that there are no degrees of negligence or contributory negligence in California, since the common carrier is in fact held to a higher degree of care than is the passenger. To follow this erroneous and misleading statement with the instruction, in the identical language used in another instruction concerning the defendant carrier's duty of care, that "any negligence, *however slight,*" of the decedent proximately contributing to her death would bar a recovery, was to inform the jury that in determining negligence and contributory negligence they must apply the same standard of care.

■ Since carriers of passengers are held to the highest degree of care (Civ. Code, § 2100; 9 Cal.Jur.2d, Carriers, § 42, pp. 718-720), while the passenger is bound to use only ordinary care for his own safety (9 Cal.Jur.2d, Carriers, § 65, pp. 761-762) it is error to give instructions which equate the two standards of care and tend to lead the jury to apply the same standard to the carrier and to its passenger (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652, 657 [320 P.2d 500]; *Finley* v. *City & County of San Francisco*, 115 Cal.App.2d 116, 120-122 [251 P.2d 687]; *Pezzoni* v. *City & County of San Francisco*, 101 Cal.App.2d 123, 124-125 [225 P.2d 14]).

■ That the jury was elsewhere correctly instructed on this subject cannot cure this error, since where correct and erroneous instructions are given on the same subject it is impossible to determine on appeal which instructions were followed by the jury. (*Lewis* v. *Franklin*, 161 Cal.App.2d 177, 185 [326 P.2d 625]; *Finley* v. *City & County of San Francisco, supra,* 115 Cal.App.2d 116, 122-123.)

The case was tried before the decision of *Butigan* v. *Yellow Cab Co., supra,* 49 Cal.2d 652, and an instruction was given on unavoidable accident. In view of the decision in Butigan on a second trial no such instruction should be given.

■ Appellants complain of the failure to give an instruction placing on the platform men operating the cable car an absolute duty to maintain "such constant supervision and observation over and of passengers as will insure to the employees accurate information as to the position and condition of those in the carrier's charge." The language is taken from the discussion found in *Griffin* v. *Pacific Electric Ry. Co.,* 1 Cal.App. 678, 682 [82 P. 1084]. Courts have more than once commented on the danger of taking the language of court opinions as the basis for instructions. (*Sloan* v. *Stearns,* 137 Cal.App.2d 289, 299-300 [290 P.2d 382]; *Jones* v. *Bayley,* 49 Cal.App.2d 647, 654 [122 P.2d 293].) The jury was properly instructed on the duty of defendant to use the utmost care and diligence for the safety of its passengers. Whether under the facts of this case the exercise of that high degree of care would require the supervision and observation required by the proposed instruction would seem to be a fact question for the decision of the jury. We can find no error in the court's refusal to give this instruction.

■ The admission of two photographs into evidence of cable cars with "posed" passengers under instructions of the

court properly limiting the purpose for which they were introduced lay in the sound discretion of the trial court.

Judgment reversed.

Draper, J., concurred.

A petition for a rehearing was denied November 6, 1959, and the petition of respondent City and County of San Francisco for a hearing by the Supreme Court was denied December 2, 1959.