482

ARVERNE BAY CONSTRUCTION COMPANY, Respondent, *v.* EDWIN H. THATCHER, as Superintendent of Buildings of the Borough of Brooklyn, City of New York, and THE CITY OF NEW YORK, Appellants.

Second Department, April 9, 1937.

*Paxton Blair* [*Paul Windels, Corporation Counsel,* and *Francis J. Bloustein* with him on the brief], for the appellants.

*John P. McGrath,* for the respondent.

PER CURIAM.   Plaintiff seeks to have declared unconstitutional an amendment of the Building Zone Resolution of the City of New

York in so far as it restricts plaintiff's premises to residence use. Defendants appeal from the order denying their motion for summary judgment.

Although this motion was made pursuant to rule 113 of the Rules of Civil Practice and cannot be determined thereunder (*Felberose Holding Corp.* v. *N. Y. Rapid Transit Corp.*, 244 App. Div. 427), in accordance with the request of appellants and under their prayer for " other and further relief " we have considered it as made pursuant to rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act. Although under both the latter rule and section affidavits may not be used, we are of opinion that the separate defenses are insufficient as a matter of law.

The first and second separate defenses plead as *res judicata* the determination of an application by plaintiff to the board of standards and appeals for a variance. (See 247 App. Div. 889; affd., 271 N. Y. 631.) That proceeding was conducted in conformity with the zoning law, as enacted, and hence a determination that there is no unnecessary hardship or practical difficulties peculiar to the property involved which would warrant a variance is not a binding adjudication that the zoning law itself, in so far as applicable, is constitutional. An administrative board has no power to pass upon the legislative authority.

The third defense alleges failure to present the constitutional question either before the board of standards and appeals or in the certiorari proceeding to review the determination there made. The failure to present the question of constitutionality, involving a wholly different issue and different representatives of the municipality, does not serve as a bar to prosecution thereof.

The order should be affirmed, with ten dollars costs and disbursements.

HAGARTY, DAVIS, JOHNSTON and CLOSE, JJ., concur; LAZANSKY, P. J., not voting.

Order denying defendants' motion for summary judgment affirmed, with ten dollars costs and disbursements.