WILLIAM O. MEYER, as Administrator of the Estate of DOUGLAS H. MEYER, Deceased, Plaintiff, *v.* HENRY L. RITTERBUSH, JR., as Executor of MILDRED MEYER, Deceased, et al., Defendants.

Supreme Court, Special Term, Nassau County, September 27, 1949.

552

*Paul J. Leach* for defendants.

*Austin & DuPont* for plaintiff.

Hooley, J. This motion is brought pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, to dismiss the first and second causes of action contained in the complaint on the ground that they do not state facts sufficient to constitute a cause of action and that such defect appears upon the face thereof.

The plaintiff, William O. Meyer, is the administrator of the goods, chattels and credits which were of Douglas H. Meyer, deceased. He is also the paternal grandfather of said decedent. The defendant, Henry L. Ritterbush, Jr., is the executor of the estate of Mildred Meyer. He is also the father of said Mildred Meyer and he and the defendant, Amelia E. Ritterbush, are the maternal grandparents of the deceased, Douglas H. Meyer, so that the lawsuit is essentially a contest between the grandparents of Douglas H. Meyer, deceased. Harold Meyer, the husband of Mildred Meyer and father of Douglas H. Meyer, deceased, died in 1945 prior to the events hereinafter set forth.

The complaint purports to allege two causes of action based upon the death of Douglas H. Meyer, an infant of about five years of age, by gas asphyxiation. It appears from the first cause of action that on or about November 20, 1947, the said Douglas H. Meyer and his mother, Mildred Meyer, died as a result of asphyxiation. There are allegations that the Police Department of Nassau County, after its investigation, determined that the death of Mildred Meyer was suicide and that the death of Douglas H. Meyer was homicide occasioned by the suicide of Mildred Meyer; that the said Douglas H. Meyer died intestate and his mother died leaving a will under which all her property was devised to her said son; that no disposition of her estate was made in the event Douglas H. Meyer predeceased her; that in the petition for probate of said will it was alleged that determination of priority of death could not be made with any degree of accuracy; that based on such allegations the heirs of said Mildred Meyer were stated in the petition to be her surviving father and mother, two of the defendants herein; that pursuant to the provisions of the Decedent Estate Law the assets of the estate are about to be turned over to the aforesaid defendants; that plaintiff believes that due to the wrongful act of deceased, Mildred Meyer, decedent Douglas H. Meyer was wrongfully deprived of his rightful participation in her estate and that it would be wrongful and inequitable to permit the said defendants to profit as a result of the said wrongful act of said Mildred Meyer.

The second cause of action reiterates most of the paragraphs of the first cause of action and then asserts a cause of action for wrongful death.

As pointed out by defendants' attorney there are no direct allegations that the death of Douglas H. Meyer was occasioned by the action of Mildred Meyer. There is merely a reference to the police reports and the findings of the police department, which is evidentiary.

But despite the defect in the pleading, the court will consider the merits of the two causes of action in view of the claim by defendants' attorney that no leave to plead over should be given for the reason that no amendment can cure the substantive defects. His contention is that even if properly pleaded, neither cause of action can state any basis for legal relief.

As to the first cause of action the court concurs with defendants' contention. The right of Douglas H. Meyer to inherit from his mother was prospective only. He was not an heir until

she died.  (*Riggs* v. *Palmer*, 115 N. Y. 506.)  Hence that he might be deprived of something he might never receive gives him or his estate no legal rights.  The situation herein is not analogous to that in *Riggs* v. *Palmer* (*supra*).  In that case a young man, being aware that his grandfather had executed a will under which the young man would profit handsomely and fearing that the grandfather might change the will to his detriment, murdered the grandfather in order to insure the bounty for himself.  The Court of Appeals would not allow him to profit by his crime and thereby promulgated the rule that a wrongdoer may not profit by his wrongful act.  But here the mother was not attempting to profit from the estate of the son.  In fact, the son left no estate other than the possible rights in this action.  The only money and property involved herein is that belonging to the alleged wrongdoer.  So that the fact that the property of the alleged wrongdoer may pass to her parents herein does not deprive the son of any vested or fixed right.  The fact that she had not revoked her will prior to her death does not change the situation.  Until such time as she had died first leaving her son her surviving, he or his estate would have no rights in her estate.  The motion to dismiss the first cause of action is granted.

As to the second cause of action, the court reaches a different conclusion.  That cause of action, when properly pleaded, may set forth a cause of action for wrongful death under section 130 of the Decedent Estate Law.  While it is well settled in this State that an unemancipated minor child may not maintain an action against a parent for personal injuries caused by negligence (*Sorrentino* v. *Sorrentino*, 248 N. Y. 626; *Cannon* v. *Cannon*, 287 N. Y. 425, 429), the court in the latter case intimated that an action might lie where willful misconduct was present. The court said in part: " In the absence of statutory sanction, we are not prepared, *in cases where wilful misconduct by the parent is not a factor*, to inject the disruptive risk of tort liability between parents and their unemancipated children * * * ".  (Italics supplied.)

The estate of the mother herein may be liable to the plaintiff upon a proper showing.  However, there are no allegations that the death of Douglas H. Meyer was caused by the willful misconduct of Mildred Meyer.

The motion to dismiss the second cause of action is granted with leave to plaintiff to serve an amended complaint within twenty days after service of a copy of the order to be entered hereon.