GARY SIEMBAB, an Infant, by ANNA SIEMBAB, His Guardian ad Litem, Plaintiff, *v.* HELEN K. SIEMBAB et al., Defendants.

Supreme Court, Special Term, Oneida County, April 15, 1952.

*Bert B. Lockwood* for defendants.

*Henry J. Ziemba* and *Edward J. Fitzgerald* for plaintiff.

SEARL, J. This motion is for an order dismissing the complaint on the grounds that it fails to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 112).

Affidavits submitted by plaintiff on behalf of Anna Siembab and Doctor Bryla cannot be considered. The courts have held that where the motion is made under this rule, the motion is to be determined solely on the pleadings. (*Arverne Bay Constr. Co.* v. *Thatcher,* 250 App. Div. 482; *Welch* v. *City of Niagara Falls,* 210 App. Div. 170.)

The question of insurance cannot be considered. As the affidavit of Anna Siembab goes out, any reference to insurance contained therein likewise goes out. The fact that insurance exists creates no right to sue where one otherwise would not exist. (*Luster* v. *Luster,* 299 Mass. 480, 483.) We are, therefore, confronted with the single question:

Does a complaint that states a defendant " so willfully, wantonly and culpably operated " an automobile, " in violation of the laws of the State of New York and ordinances of the City of Utica in such a manner as to strike a hydrant and thereafter a utility pole ", causing a three-year-old infant, son of the parties, to sustain a fractured skull and permanent injuries to the brain, constitute a cause of action?

The opinion of Judge LEWIS, writing for the court, in *Cannon* v. *Cannon* (287 N. Y. 425) is the last expression of our Court of Appeals on this subject. Reference to the text, however, indicates that the limitation is confined to " damages for *unintentional* personal injuries.*''* In the opinion reference is made to the fact that: " In the absence of statutory sanction, we are not prepared, in cases where *wilful* misconduct by the parent is not a factor, to inject the disruptive risk of tort liability between parents and their unemancipated children ". (P. 429. Italics inserted.)

That this distinction was inserted, not as a matter of incidence, but after mature consideration, is commented on in *Meyer* v. *Ritterbush* (196 Misc. 551, 554) saying: " The court in the

latter case " (*Cannon* v. *Cannon, supra*) " intimated that an action might lie where willful misconduct was present." Also in *Boehm* v. *Gridley & Sons* (187 Misc. 113, 119) the court speaks of the Court of Appeals denying " to an unemancipated child a right of action against parents for nonwillful injuries ".

Reference to the complaint in the instant action will reveal that the word " negligence " is not used. The text refers only to " the wrongful and willful acts of defendant operator."

Thus, we have presented in clear-cut fashion the question whether, provided the plaintiff can prove such acts to have been willfull, wanton or culpable, such constitute a cause of action.

Both statutory and case law show a leaning toward more liberality.

By chapter 669 of the Laws of 1937, the Legislature amended section 57 of the Domestic Relations Law, now providing that: " A married woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury as defined in section thirty-seven-a of the general construction law, or resulting in injury to her property, as if they were unmarried, and she is liable to her husband for her wrongful or tortious acts resulting in any such personal injury to her husband, or to his property, as if they were unmarried."

Judge DESMOND, of the Court of Appeals, in *Woods* v. *Lancet* (303 N. Y. 349), recently handed down an opinion in which he held that an unborn infant has a right of action for injuries sustained prior to birth, overruling *Drobner* v. *Peters* (232 N. Y. 220).

In the case of *Rozell* v. *Rozell* (281 N. Y. 106 [1939]) a twelve-year-old boy was permitted to recover against his sixteen-year-old sister for injuries sustained because of her negligence. Judge RIPPEY there held that the bringing of such an action would not tend to destroy the family unit. (Out of State cases are there amply codified to the date of the decision.)

This question came up in *Sorrentino* v. *Sorrentino* (222 App. Div. 835), where a judgment for defendant was affirmed, without opinion. In the Court of Appeals (248 N. Y. 626) appears only a memorandum decision. However, it is significant that the wording of the State Reporter's memorandum is to the effect that " The complaint was dismissed on the ground that a minor child living with his father cannot maintain an action to recover from the father damages for an *unintentional* injury." (Italics inserted.) In refusing to submit the case to the jury in the trial court, Justice MACCRATE remarked that " there is

no claim here that there was a willful tort on the part of the father, that his act was other than caused by the failure to use reasonable care." (Record on appeal, p. 16.)

Since these decisions by Judge RIPPEY and Judge LEWIS, referred to above, we find *Cowgill* v. *Boock* (189 Ore. 282 [1950]) in which the Oregon courts held the estate of a deceased father liable for a willful or malicious personal tort. That court, however, accepted as good law the basic nonliability rule. There the father and minor son were killed as the result of the willful misconduct of the father in driving a car at night, while intoxicated, over a mountainous highway at a high rate of speed.

The complaint in the instant case alleges that the defendant, Helen Siembab, " willfully, wantonly and culpably " operated the car " at a high and unlawful speed." Subdivision 2 of section 244 of the Penal Law provides that a person who " 2. Operates or drives or directs or knowingly and wilfully permits any one subject to his commands to operate or drive any vehicle of any kind in a culpably negligent manner, whereby another suffers bodily injury " is guilty of assault in the third degree. In *People* v. *Angelo* (246 N. Y. 451, 457) the court has defined culpability as " something more than the slight negligence necessary to support a civil action for damages. It means disregard to the consequences which may ensue from the act, and indifference to the rights of others." (See, also, *People* v. *Grogan,* 260 N. Y. 138, 144, and *People* v. *Gardner,* 255 App. Div. 683.)

Whether this plaintiff can prove the elements necessary to constitute willful, wanton, or culpable negligence is not for this court to decide. That question is one for the trial court.

If proven, I hold that such acts of the mother resulting in a permanent brain injury to a child three years of age, too young to protect or complain of such acts, constitute a cause of action.

As to the action against the father, Stanley J. Siembab, the complaint must be dismissed. He was not in the car and, although he would be liable for an ordinary act of negligence by one operating the same with his knowledge and consent, express or implied, there is nothing in the complaint that alleged the father of the infant in any way acquiesced in, or was a party to any willful, wanton, or culpable act on the part of his wife.

Order accordingly.