[S. F. No. 19339. In Bank. Oct. 28, 1955.]

BARBARA EMERY, a Minor, etc., et al., Appellants, v. BUEL E. EMERY et al., Respondents.

424

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Robert J. Cort for Appellants.

Worthington, Park & Worthington and Ronsia W. Fields for Respondents.

TRAYNOR, J.—Plaintiffs Barbara and Joyce Emery, unemancipated minor daughters of plaintiff Esther Emery and defendant Buel Emery, brought this action to recover for personal injuries sustained in an automobile accident that occurred in the State of Idaho. At the time of the accident, Barbara and Joyce were riding as guests in an automobile owned by Buel and driven by defendant James Emery, their unemancipated minor brother. Esther, appearing individually, alleges that she is responsible for the support, maintenance, and medical care of Barbara and Joyce and attempts to state a separate cause of action to recover for medical, nursing, hospital, and other care furnished Barbara and Joyce. Judgment for defendants was entered on an order sustaining, without leave to amend, defendants' general demurrer to plaintiffs' second amended complaint. Plaintiffs appeal.

The first question presented on appeal is whether Barbara and Joyce have alleged facts[1] sufficient to constitute causes

---

[1]The relevant paragraphs of the complaint are as follows:

"VII

"That on or about the 18th day of June, 1952, at approximately 9:30 A. M., on said public highway 99, about twenty-eight miles west of Idaho Falls, in the State of Idaho, the Plaintiff was riding as a guest in a certain 1939 Pontiac Automobile, California license plate, being driven, operated and maintained by the Defendant, JAMES BUEL EMERY as the agent, servant and employee of the Defendant BUEL E. EMERY, that the said BUEL E. EMERY is the legal registered owner of said 1939 Pontiac automobile, California license plate.

"VIII

"That at all times herein mentioned defendant JAMES BUEL EMERY was a minor of the age of seventeen (17) years; that at time and place hereinafter and hereinbefore mentioned; said minor defendant JAMES

of action against defendants, assuming that the latter are not immune from suit because of their family relationship to these plaintiffs. Since the accident occurred in the State of Idaho, the law of that state is determinative of the answer to this question. (*Grant* v. *McAuliffe*, 41 Cal.2d 859, 862 [264 P.2d 944]; *Loranger* v. *Nadeau*, 215 Cal. 362, 366-367 [10 P.2d 63, 84 A.L.R. 1264].) The applicable Idaho statute provides, "No person transported by the owner or operator of a motor vehicle as his guest without paying for such transportation shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional

---

BUEL EMERY had only been driving for a short period of time and was an unskilled and inexperienced driver and unaccustomed to driving during the times, in the places and under the circumstances hereinbefore and hereinafter mentioned; all of which facts were known to the Defendant BUEL E. EMERY.

"IX

"That at said time, place and direction, as aforesaid the Defendants JAMES B. EMERY and BUEL E. EMERY were guilty of wilful misconduct; that said wilful misconduct consisted of the following acts under the following existing circumstances: That Defendant BUEL E. EMERY, the father of the minor Defendant JAMES B. EMERY, directed the said minor Defendant JAMES B. EMERY to drive that certain 1939 Pontiac automobile, California license plate, knowing that the said Defendant JAMES B. EMERY was sleepy and drowsy and had not had any sleep for a long period of time in excess of twenty-four hours; that the said Defendant JAMES B. EMERY did for many miles and for a long period of time prior to and during said accident, drive at high and excessive rates of speed, with the knowledge and consent of his father, the said Defendant BUEL E. EMERY; that the said defendant BUEL E. EMERY, the father of the minor defendant JAMES BUEL EMERY, directed the said minor defendant JAMES BUEL EMERY to drive that certain 1939 Pontiac automobile, California license plate, knowing that the said minor Defendant JAMES BUEL EMERY was an unskilled driver and unaccustomed to driving during the times, in the places and under the circumstances hereinbefore and hereinafter mentioned: that said Defendant BUEL E. EMERY knew that the said road was in a dangerous condition in that said road had dirt and gravel on either side and was only a 2-lane highway; that while the minor Defendant JAMES BUEL EMERY was so operating said aforementioned automobile, said minor Defendant JAMES BUEL EMERY fell asleep at the wheel of said car while said car was travelling at said high and excessive rates of speed, and lost control thereof, causing said car to roll over; that all of the aforementioned wilful misconduct of the defendants took place with a complete disregard of and indifference to the great possibility of injuring the persons riding in the car that defendants were operating, including the plaintiff herein, and with full knowledge of the dangers involved; and that as a direct and proximate result of said wilful misconduct on the part of the defendants as aforementioned the said 1939 Pontiac automobile, California license plates, did at the aforementioned time and place and direction leave the highway and roll over as aforementioned, causing the plaintiff to sustain severe, serious and permanent injuries as hereinafter set forth."

on the part of said owner or operator or caused by his intoxication or his reckless disregard of the rights of others." (Idaho Code, § 49-1001.)

The Idaho Supreme Court has interpreted the term "reckless disregard" in that statute as describing conduct that is not necessarily as culpable as that described by the words "wilful misconduct" as used in section 403 of the California Vehicle Code. (*Mason* v. *Mootz*, 73 Idaho 461 [253 P.2d 240, 243]; *Hughes* v. *Hudelson*, 67 Idaho 10 [169 P.2d 712, 716].) [2] A fortiori, if the complaint states causes of action for "wilful misconduct" within the meaning of the California statute it also states causes of action for conduct in "reckless disregard of the rights of others" within the meaning of the Idaho statute.

"Wilful misconduct depends upon the facts of a particular case and necessarily involves deliberate, intentional or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger is likely to result therefrom. [Citations.]" (*Norton* v. *Puter*, 138 Cal.App. 253, 258 [32 P.2d 172], quoted with approval in *Parsons* v. *Fuller*, 8 Cal. 2d 463, 468 [66 P.2d 430].) [4] "'Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a *probable* (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its *possible* result.'" (*Meek* v. *Fowler*, 3 Cal.2d 420, 426 [45 P.2d 194], quoted with approval in *Mercer-Fraser Co.* v. *Industrial Acc. Com.*, 40 Cal.2d 102, 118 [251 P.2d 955].) In *Parsons* v. *Fuller*, supra, it was held that the evidence, which showed that the defendant had "persisted" in driving at an excessive rate of speed "for some hours and over many miles of travel, after repeated protests on the part of his guest, and while travelling over a mountain road with frequent curves . . .," was sufficient to show wilful misconduct. (8 Cal.2d at 465.) In that case the court said, "'To us it seems clear that one who, while driving an automobile, knowingly flirts with

"No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of such driver." [Original footnote references and brackets . . . footnotes omitted.]

[The court here discussed a [?] involving the [?] of wilful misconduct.]

danger and, without necessity or emergency compelling him, "takes a chance" on killing or injuring himself or others, who may be so unfortunate as to be riding with him, is guilty of wilful misconduct.' '' (*Ibid.*, at 468-469.) In the present case it is alleged in the complaint (see footnote 1, *supra*) that James was an unskilled driver, that immediately before the accident he was "sleepy and drowsy" and had not had any sleep for more than 24 hours, that for a long period of time and many miles of travel before the accident he drove at high and excessive rates of speed on a road that was narrow and unfamiliar to him, that the foregoing facts were known to Buel, that James drove under these circumstances with the consent and under the direction of Buel, that James fell asleep "while said car was travelling at said high and excessive rates of speed, and lost control thereof, causing said car to roll over. . . ." Applying the foregoing principles, we conclude that the complaint adequately alleges wilful misconduct on the part of James and Buel and thus that the minor plaintiffs have stated causes of action against defendants, assuming that the latter are not immune from suit because of their family relationship to the minor plaintiffs.

To determine whether Buel and James are immune from liability to Barbara and Joyce for the torts alleged in the complaint, it is first necessary to decide whether that question should be determined by the law of California or that of Idaho. This choice of law problem is one of first impression in this state. The possible choices in cases like the present one are three: the law of the place where the injury occurred, the law of the forum, and the law of the state in which the family is domiciled. We are aware of only two reported cases on the precise question presented. In *Ball* v. *Ball*, —— Wyo. —— [269 P.2d 302, 304], the Supreme Court of Wyoming applied the law of the place (Montana) where the injury occurred to determine this question. It is not, however, a question of tort but one of capacity to sue and be sued[3] and as to that question the place of injury is both fortuitous and irrelevant. In *Fowlkes* v. *Ray-O-Vac*, 52 Ga.App. 338, 340 [183 S.E. 210], the Court of Appeals of Georgia held that in actions between a minor child and its parent the "law of the forum governs as to the parties

---

[3] The parent's immunity, if any, from tort liability is based on the minor child's disability to sue rather than on the absence of a violated duty. (See *Worrell* v. *Worrell*, 174 Va. 11, 23, 27 [4 S.E.2d 342]; *Dunlap* v. *Dunlap*, 84 N.H. 352, 372 [150 A. 905, 71 A.L.R. 1055].)

and the right to sue." In a somewhat analogous situation, many courts have held in tort actions between husbands and wives that questions of capacity to sue and be sued should be governed by the law of the forum. (See Ford, *Interspousal Liability for Automobile Accidents in the Conflict of Laws,* 15 U.Pitts.L.Rev. 397, 419, and cases cited.) It should be noted, however, that in many of these cases, as in *Fowlkes* v. *Ray-O-Vac, supra,* the state of the forum was also the state of the domicile. Although tort actions between members of the same family will ordinarily be brought in the state of the family domicile, the courts of another state will in some cases be a more convenient forum, and thus the question arises whether the choice of law rule should be expressed in terms of the law of the forum or that of the domicile. ▇ We think that disabilities to sue and immunities from suit because of a family relationship are more properly determined by reference to the law of the state of the family domicile. That state has the primary responsibility for establishing and regulating the incidents of the family relationship and it is the only state in which the parties can, by participation in the legislative processes, effect a change in those incidents. Moreover, it is undesirable that the rights, duties, disabilities, and immunities conferred or imposed by the family relationship should constantly change as members of the family cross state boundaries during temporary absences from their home. Since all of the parties to the present case are apparently domiciliaries of California, we must look to the law of this state to determine whether any disabilities or immunities exist.

Defendants contend that *Trudell* v. *Leatherby,* 212 Cal. 678 [300 P. 7], and *Myers* v. *Tranquillity Irr. Dist.,* 26 Cal. App.2d 385 [79 P.2d 419], are controlling on the question of Buel's immunity to suit by his unemancipated minor daughters, Barbara and Joyce. In *Trudell* v. *Leatherby* it was stated that a " 'minor child has no right of action against a parent for the tort of the latter' " (212 Cal. at 680), but plaintiff points out that both *Trudell* v. *Leatherby* and *Myers* v. *Tranquillity Irr. Dist.* involved actions for injuries caused by the parent's negligence, whereas in the present case Barbara and Joyce state causes of action for wilful misconduct. To sustain their contention, plaintiffs cite a number of cases from other jurisdictions holding that, although a parent is not responsible to his minor child for negligence, he is responsible for wilful and malicious torts. (*Wright* v. *Wright,*

85 Ga.App. 721 [70 S.E.2d 152, 155-156] [wilful misconduct] ; *Treschman* v. *Treschman*, 28 Ind.App. 206, 210-212 [61 N.E. 961] [assault and battery] ; *Siembab* v. *Siembab.* 202 Misc. 1053, 1056 [112 N.Y.S.2d 82] [wilful misconduct] ; *Meyer* v. *Ritterbush*, 196 Misc. 551, 554 [92 N.Y.S.2d 595] [wilful misconduct], aff'd 276 App.Div. 972 [94 N.Y.S.2d 620] ; *Mahnke* v. *Moore*, 197 Md. 61, 68 [77 A.2d 923] [intentional mental cruelty] ; *Dix* v. *Martin*, 171 Mo.App. 266, 274 [157 S.W. 133] [assault] ; *Cowgill* v. *Boock*, 189 Ore. 282, 293-301 [218 P.2d 445] [wilful misconduct] ; see also *Cannon* v. *Cannon*, 287 N.Y. 425, 429 [40 N.E.2d 236] ; *Baker* v. *Baker*, 364 Mo. 453 [263 S.W.2d 29, 30-31] ; *Levesque* v. *Levesque*, 99 N.H. 147 [106 A.2d 563, 564] ; *Matarese* v. *Matarese*, 47 R.I. 131, 134 [131 A.198, 42 A.L.R. 1360] ; *Aboussie* v. *Aboussie*, (Tex.Civ.App.) 270 S.W.2d 636, 639 ; *Brumfield* v. *Brumfield*, 194 Va. 577, 583 [74 S.E. 170] ; *Securo* v. *Securo*, 110 W.Va. 1, 2 [156 S.E. 750].)

Although there are no California cases involving an action by a minor child against its parent for a wilful or malicious tort, the modern trend of decisions (see anno. 19 A.L.R.2d 423, 427 and cases cited; Prosser on Torts [2d ed.] 675-677; *Davis* v. *Smith* (E.D.Pa.), 126 F.Supp. 497, 502-506 and cases cited; *Dunlap* v. *Dunlap*, 84 N.H. 352 [150 A. 905] ; *Borst* v. *Borst*, 41 Wn.2d 642, 647-654 [251 P.2d 149] and cases cited; 29 N.Y.U.L.Rev. 1302; 39 Va.L.Rev. 389) is to mitigate the rule of absolute immunity established by the early cases of *Hewlett* v. *George*, 68 Miss. 703 [9 So. 885, 13 L.R.A. 682] [false imprisonment of minor child in an insane asylum], and *Roller* v. *Roller,* 37 Wash. 242 [79 P. 788, 107 Am.St.Rep. 805, 3 Ann.Cas. 1, 68 L.R.A. 893] [rape of a minor child by her father]. The rationale of the cases refusing to extend immunity to the parent for wilful or malicious torts against his minor children is that the lack of such immunity does not conflict with or inhibit reasonable parental discipline. (See *Cowgill* v. *Boock, supra,* 189 Ore. 282, 293, 297-298; *Borst* v. *Borst, supra,* 41 Wn.2d 642, 656; McCurdy, *"Torts Between Persons in Domestic Relations,"* 43 Harv.L.Rev. 1030, 1079; 64 Harv.L.Rev. 1208.)

Preservation of the parent's right to discipline his minor children has been the basic policy behind the rule of parental immunity from tort liability. (See McCurdy, *supra,* 43 Harv.L.Rev. 1030, 1076-1077.) Since the law imposes on the parent a duty to rear and discipline his child and confers the right to prescribe a course of reason-

able conduct for its development, the parent has a wide discretion in the performance of his parental functions, but that discretion does not include the right wilfully to inflict personal injuries beyond the limits of reasonable parental discipline. No sound public policy would be subserved by extending it beyond those limits. While it may seem repugnant to allow a minor to sue his parent, we think it more repugnant to leave a minor child without redress for the damage he has suffered by reason of his parent's wilful or malicious misconduct. ▮▮▮ A child, like every other individual, has a right to freedom from such injury. Accordingly, we conclude that an unemancipated minor may sue his parent for a wilful or malicious tort, and thus that Buel is not immune from suit for the causes of action pleaded by Barbara and Joyce in the complaint in the present action.

In support of their contention that James is not immune from suit, plaintiffs Barbara and Joyce cite *Rozell* v. *Rozell*, 281 N.Y. 106 [22 N.E.2d 254, 123 A.L.R. 1015], in which the New York Court of Appeals held that an action was maintainable by a 12-year-old boy against his 16-year-old sister for injuries sustained while riding in an automobile negligently operated by her. (See also *Munsert* v. *Farmers Mut. Auto. Ins. Co.*, 229 Wis. 581, 586 [281 N.W. 671]; *Beilke* v. *Knaack,* 207 Wis. 490, 493-494 [242 N.W. 176].) Although defendants concede that the few reported cases involving this question all support plaintiffs' contention that actions between minor brothers and sisters are maintainable, they nevertheless argue that those cases are unsound and should not be followed by this court. They contend that to allow tort actions to be maintained between minor brothers and sisters will (1) disrupt the family harmony, (2) encourage fraud and collusion, (3) impair the parents' exercise of their disciplinary functions, (4) result in an uneven distribution of the family resources, and (5) encourage useless litigation since there is a possibility that the minor defendant will live to inherit the money recovered from him by the minor plaintiff. These arguments are not persuasive. ▮▮▮ Exceptions to the general principle of liability (Civ. Code, § 3523 ["For every wrong there is a remedy."]) of minors for their torts (Civ. Code, § 41; *Ellis* v. *D'Angelo,* 116 Cal.App.2d 310, 313-315 [253 P.2d 675]) are not to be lightly created, and we decline to create such an exception on the basis of the speculative assumption that to do so would preserve family harmony. An uncompensated tort is no

more apt to promote or preserve peace in the family than is an action between minor brother and sister to recover damages for that tort. Furthermore, the relationship between brother and sister is not complicated by reciprocal rights and obligations of the kind that characterize the relationships of husband and wife and parent and child and that lend some support to the immunities from tort liability that have been recognized in such cases.

Defendants' second argument, that tort actions between minor brothers and sisters will encourage fraud and collusion, is based on assumptions opposite from those on which their first argument is based. This argument assumes that the action is not in reality directed against the minor brother or sister of the plaintiff, but is in fact directed at his liability insurer. If this assumption is correct, maintenance of such a tort action would not disturb the family peace and harmony; on the contrary, the "domestic harmony will not be disrupted so much by allowing the action as by denying it." (Prosser on Torts [2d ed.] 677.) Moreover, although defendants' statement that the existence of insurance, of which there is no evidence in the present case, "gives no cause of action where one did not exist before" is correct, by the same token the mere possibility of fraud or collusion because of the possible existence of liability insurance does not warrant immunity from liability where it would otherwise exist. The interest of the child in freedom from personal injury caused by the tortious conduct of others is sufficient to outweigh any danger of fraud or collusion. As the Supreme Court of Washington said in reply to the same argument in a case involving an analogous situation [action by a child to recover for injuries caused by its parent's negligent operation of a truck for business purposes], "The courts may and should take cognizance of fraud and collusion when found to exist in a particular case. However, the fact that there may be greater opportunity for fraud or collusion in one class of cases than another does not warrant courts of law in closing the door to all cases of that class. Courts must depend upon the efficacy of the judicial processes to ferret out the meritorious from the fraudulent in particular cases. *Rozell* v. *Rozell*, *supra*. If those processes prove inadequate, the problem becomes one for the Legislature. See *Signs* v. *Signs*, *supra* [156 Ohio St. 566 (103 N.E.2d 743)]. Courts will not immunize tortfeasors from liability in a whole class of cases because

of the possibility of fraud, but will depend upon the Legislature to deal with the problem as a question of public policy." /(Borst v. Borst, supra, 41 Wn.2d 642, 653-654.) In California, the Legislature has dealt with the problem. Our guest statute (Veh. Code, § 403), which was enacted to protect owners and operators of vehicles from fraudulent claims of those riding as guests (Weber v. Pinyan, 9 Cal.2d 226, 229 [70 P.2d 183, 112 A.L.R. 407]), grants the owner and operator of a vehicle absolute immunity from liability for injuries proximately resulting from negligence in the operation of the vehicle. Since the Legislature obviously considered that the immunity thus granted was sufficient to protect the owner and operator from fraudulent claims, we think it improper for this court to extend that immunity further in a particular class of cases to claims for injuries proximately resulting from the operator's wilful misconduct or intoxication.

Although defendants contend that to allow tort actions between minor brothers and sisters will impair their parents' exercise of their disciplinary functions, they fail to make clear how that impairment will take place and we see no substance in the contention. Similarly, the contention that to allow a sister to recover a judgment against her brother will result in an uneven distribution of the family resources is without merit. A parent is not ordinarily vicariously liable for the torts of his minor child (Weber v. Pinyan, 9 Cal.2d 226, 235 [70 P.2d 183, 112 A.L.R. 407]; Martin v. Barrett, 120 Cal.App.2d 625, 628 [261 P.2d 551]; Ellis v. D'Angelo, supra, 116 Cal.App.2d 310, 317), and a minor child's property is his own and not that of his parents. /(Estate of Yano, 188 Cal. 645, 649 [206 P. 995]; Civ. Code, § 202.)/ Finally, we think that the possibility of a minor defendant's succession by intestacy to the damages recovered from him by a minor brother or sister is too remote and speculative a basis on which to found the rule of immunity for which defendant contends. /(See McCurdy, supra, 43 Harv.L.Rev. 1030, 1073.)/ Accordingly, we conclude that Barbara and Joyce may maintain the present action against their minor brother, James.

In the third cause of action pleaded in the complaint Esther, the mother of the minor plaintiffs, attempts to recover for the expenses incurred in caring for and treating the injuries received by the minor plaintiffs. Insofar as that cause of action is pleaded against her husband, Buel,

the pleading is defective since a cause of action for damages suffered by the parents because of injury to their minor child is community property (*Flores* v. *Brown,* 39 Cal.2d 622, 630 [248 P.2d 922]) and Buel's alleged wilful misconduct is imputable to Esther. (*Ibid.*) Insofar as Esther attempts to state a cause of action against her minor son, James, the pleading is defective since it fails to comply with the requirements of section 376 of the Code of Civil Procedure.

The judgment is reversed.

Gibson, C. J., Shenk, J., Carter, J., and Spence, J., concurred.