[Civ. No. 18112.   First Dist., Div. Two.   Feb. 5, 1959.]

ANITA PAPPAS, Respondent, v. DAVID H. BOGARD, Appellant.

Bronson, Bronson & McKinnon for Appellant.

William L. Ferdon for Respondent.

DOOLING, J.—Defendant appeals from a judgment entered upon a verdict for personal injuries received by plaintiff while riding as a guest in defendant's automobile. It was not contended that defendant was intoxicated and the sole basis of liability presented to the jury was defendant's wilful misconduct. (Veh. Code, § 403.)

The evidence most favorable to plaintiff would support a finding that while driving southerly on Eleventh Street in San Francisco, and just after being asked by plaintiff: "Why don't you slow down?" defendant without slackening the speed of his car ignored an arterial stop sign, drove into the intersection of Folsom Street at a speed of 40 miles per hour and collided there with a car which had entered the same intersection on Folsom Street.

While defendant asserts that a finding that the defendant was guilty of wilful misconduct was a close question no claim is made that the evidence is insufficient as a matter of law to support such finding. The sole contentions are that the trial court gave one erroneous instruction, and refused one proper and necessary instruction proposed by defendant, both on the subject of wilful misconduct and that as a result the case was submitted to the jury in a prejudicially erroneous legal framework.

The instruction given by the court of which defendant complains is B.A.J.I. 209J:

"You will note from the foregoing that although wilful misconduct is a form of negligence, it is something more than negligence; more even than what might be called gross negligence. A guest may not recover against his [her] host-driver

or against the owner of the vehicle in which he [she] was a guest for negligence, however it might be classified, unless that negligence amounted to wilful misconduct, as defined in these instructions.''

This instruction was expressly disapproved in *Lynch* v. *Birdwell*, 44 Cal.2d 839 [285 P.2d 919], a fact which is noted in 2 B.A.J.I., 4th edition, page 697, in the note preceding this instruction. We are moved to the comment that B.A.J.I. is a form-book upon which courts and lawyers rely for correct instructions and, after the express disapproval of B.A.J.I. 209J, leaving that instruction in the form-book, even with a cautionary note (which may well not be read by counsel or judge in the pressure of the trial of a particular case) constitutes a trap for counsel and the courts which tends measurably to impair the value of B.A.J.I. for the very purpose which it is designed to serve. Criticism of particular court decisions is a proper function of a text-book and, if the criticism is sound, may and often does perform a very useful function in the long-range growth of the law. But what is proper in a text-book ceases to be proper in a form-book, whose function should be to provide forms which can be relied upon to state the law in a fashion which has met the approval of the courts.

It is to be noted of this instruction however that while stating that wilful misconduct is ''a form of negligence,'' which statement was the subject of the court's criticism in *Lynch* v. *Birdwell, supra,* it then advises the jury that it is more than negligence, more even than gross negligence, and concludes that there can be no recovery for negligence, unless that negligence ''amounted to wilful misconduct, as defined in these instructions.''

While academically, under *Lynch* v. *Birdwell, supra,* to equate wilful misconduct with negligence is erroneous, if the definition of wilful misconduct ''defined in these instructions'' was adequate we cannot see how defendant could be prejudiced by this instruction. Conceding that it was erroneous to describe wilful misconduct as a form of negligence how could the jury be prejudicially misled by this statement when they were explicitly told that they could not find defendant liable unless they found him guilty of wilful misconduct as defined in the instructions, if the instructions adequately stated the elements of wilful misconduct? Where the jury is properly instructed on the facts which they must find to hold the defendant liable the erroneous characterization of the sum of

those facts as a form of negligence cannot mislead them. They must still find *those facts* before they can bring in a plaintiff's verdict under the instructions of the court. (*Sarafini* v. *City & County of San Francisco*, 143 Cal.App.2d 570, 577 [200 P.2d 44].) Any chance of confusion on the jury's part was further minimized in this case by the fact that no other instructions defining negligence were given.

Wilful misconduct was defined for the jury in this case substantially in the form set out in B.A.J.I. 209H:

"The words 'wilful misconduct' have a meaning in law additional to that which they have in common usage. If we were to use the words in their ordinary sense, they would mean simply the indulging in wrongful conduct by conscious choice. Such conduct might consist of doing something that ought not to be done or in failing to do something that ought to be done. But in order to be a basis for liability to a guest under our law, the misconduct must be something more than intentional and wrongful; it must be done under circumstances which show either knowledge that serious injury to the guest probably will result or a wanton and reckless disregard of the possible results."

█ The accepted definition of wilful misconduct first announced by our Supreme Court in *Meek* v. *Fowler*, 3 Cal.2d 420, 426 [45 P.2d 194], in language quoted from *Howard* v. *Howard*, 132 Cal.App. 124, 129 [22 P.2d 279], is phrased as follows:

"Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a *probable* (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its *possible* result." (Emphasis in the opinion.) (*Emery* v. *Emery*, 45 Cal.2d 421, 426 [289 P.2d 218].)

█ Defendant complains that the instruction as given is deficient in not telling the jury that the element of intent is an essential part of wilful misconduct. In this we believe defendant attempts to construe the instruction too narrowly. The jury was told that wilful misconduct must be something more than intentional which can only mean that it must be intentional and something more. The something more is then explained in language approved in *Meek* v. *Fowler, supra*, and reapproved at least as late as *Emery* v. *Emery, supra*, i.e. "it must be done under circumstances which show either knowledge that serious injury to the guest will probably result or a wanton and reckless disregard of the possible results."

We must accord to the jury ordinary intelligence and we cannot believe that they did not understand from the instruction given that to constitute wilful misconduct they must find: 1. that defendant intentionally did something wrongful and 2. that he did this either with knowledge that it would probably result in serious injury or with a wanton and reckless disregard of the possible result.

█ Defendant also objects to the failure to give his proposed instruction, which included the statement that wilful misconduct "implies at least the intentional doing of something either with knowledge that serious injury is a probability as distinguished from a possible result, or the intentional doing of an action with a wanton and reckless disregard of its possible result."

Reasonably construing the instruction quoted above, which was actually given by the court, the instruction refused added nothing to the definition of wilful misconduct contained in the instruction given. █ It is axiomatic that so long as the jury is correctly instructed a party cannot complain that the instructions were not couched in particular language. (24 Cal.Jur., Trial, § 79, pp. 808-810.)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 1, 1959.