[Civ. No. 24218.   First Dist., Div. Four.   May 29, 1968.]

RICHARD ESPE, a Minor, etc., Plaintiff and Appellant, v. KIRK O. SALISBURY, a Minor, etc., et al., Defendants and Respondents.

John J. Barton for Plaintiff and Appellant.

Early, Maslach, Foran & Williams, Thomas C. Underwood and Victor E. Chavez for Defendants and Respondents.

DEVINE, P. J.—A left-hand turn accident in which the host driver of one vehicle was a minor, Kirk O. Salisbury, produced: (1) an action by a guest against the driver; (2) an action by the guest against Warren Salisbury, the driver's father; (3) an action against the driver of the other vehicle. The jury found in favor of the driver of the other vehicle, and there is no appeal from the judgment based on the verdict. Nonsuit was granted in favor of the minor driver and his father. Plaintiff appeals.

### Action Against the Minor

Kirk O. Salisbury was 14 years of age at the time of the accident. He had no previous driving experience, except that at one time in the presence of his father and mother he had driven on an airplane landing strip on a private ranch. Before the accident he had never driven on a public street or road. He did not have any type of operator's license. He had not asked permission to drive. On the day of the accident he took the keys to his father's car from the father's dresser. He intended to drive back to the house where he had been at a party the night before. Kirk drove the car about 3 miles from his home to the scene of the accident. He picked up plaintiff, Richard Espe, who was 14 years old. Plaintiff, carrying a surfboard, was hitchhiking. This was about a mile from the scene of the accident. As the vehicle approached a cross street, Kirk told the plaintiff that he was going to make a left turn. Kirk testified that he looked but could not see very far beyond

the cross street. A police officer, however, described the visibility as being unimpaired. A vehicle was approaching from the opposite direction. Its driver, too, testified that there was no obstruction.

Plaintiff did not object to the making of the turn when he was told about it; he did see the other vehicle and turned to speak to Kirk, but could not do so before the accident. The vehicle in which the boys were riding was struck in the right rear as it was proceeding through the turn.

On the journey prior to the accident, Kirk had no trouble except that he ground the gears a bit. Plaintiff testified that the drive up to the time of the left turn ''was all right.'' The highest rate of speed had been somewhere between 30 and 40 miles an hour. Plaintiff testified that the speed of the Salisbury vehicle was about 5 or 10 miles an hour when he saw the approaching vehicle and it increased to about 10 or 15 miles an hour. An independent witness said the Salisbury vehicle was going slowly. The driver of the other vehicle testified that Kirk was traveling very slowly but increased his speed as he began his turn, so that he increased it from 5 to 30 miles an hour. At her deposition, she had given the accelerated rate as ''maybe 20 or 25 miles.'' The posted speed limit is 25 miles an hour.

A guest does not have a cause of action against the host driver or anyone legally liable for his conduct unless the injuries were proximately caused by intoxication or wilful misconduct of the driver. (Veh. Code, § 17158.)

In order to constitute wilful misconduct, there must be ''the intentional doing of something either with knowledge, express or implied, that serious injury is a probable, as distinguished from a possible, result, or the intentional doing of an act with a wanton and reckless disregard of its consequences.'' (*Williams* v. *Carr*, 68 Cal.2d 579, 584 [68 Cal. Rptr. 305, 440 P.2d 505].)

Respondent argues that failure to make the observations and to take the precautions required of a driver who is making a left turn was an act of simple negligence. In the case of the ordinary driver, this would be true. The elements of knowledge or intent in the misconduct statute cannot be inferred merely from misjudgment in such a case. (*Meek* v. *Fowler*, 3 Cal.2d 420 [45 P.2d 194].) But where there is such negligence superimposed on the wilful taking and driving of an automobile by one who is unlicensed and inexperienced, is it possible that a jury could reasonably find that there was mis-

conduct? Or, to put it another way, can it be said as a matter of law (for this must be so to sustain nonsuit) that the minor driver did not have knowledge, express or implied, of the probability of serious injury or that he did not drive with a wanton and reckless disregard of the consequences?

Our answer is that the jury reasonably could have inferred the elements of wilful misconduct. There was no exploration at the trial of whatever thoughts or deliberations or guilty ideas the boy may have had. It would not be wholly unreasonable to deduce that he knew that danger lay ahead, even that injury was probable, or that he drove with wanton and reckless disregard of the consequences of his driving, although his particular actions in making the turn would not have been more than negligence on the part of a qualified driver. Young people for the most part know that they are not allowed to drive until they have reached a certain age and passed certain tests. Do they not know why this is so? It cannot be held, as a matter of law, in this case, where an inexperienced driver violated two laws, the general one against driving by unlicensed persons and the rule of the road, that he did not have a reckless disregard for the consequences.

By this we do not mean that a driver such as defendant minor becomes an insurer. An accident may be wholly unavoidable because of unusual circumstances; or, in a variety of factual situations, the driving and whatever else is done may not proximately cause the injuries. But defendant undertook to perform a maneuver which calls for a degree of skill and a good deal of careful observation.

We hold that a question of fact was present for the decision of the jury.

### Action Against the Father

Section 17708 of the Vehicle Code, upon which appellant relies in seeking to impose liability on the father, Warren Salisbury, provided at all relevant times (it has since been amended) that: ''Any negligence or wilful misconduct of a minor, whether licensed or not under this code, in driving a motor vehicle upon a highway with the express or implied permission of the parents or the person or guardian having custody of the minor shall be imputed to the parents, person, or guardian for all purposes of civil damages and the parents, person, or guardian shall be jointly and severally liable with the minor for any damages proximately resulting from the negligence or wilful misconduct.'' (Stats. 1959, ch. 3, p.

1659.) ■■ It is not contended that there was express, but only implied, permission. Taking the case in the most favorable aspect for appellant, because of the nonsuit, we get the following: (1) the keys to the automobile were readily available on the father's dresser; (2) about two years before the accident Kirk had driven, in his father's presence, on a private road; (3) the father had not admonished Kirk not to drive. Sometimes "when he was real small" and before the sole instance in which he had driven on the ranch, Kirk had sat behind the wheel of a car. From this meager set of facts, appellant contends that an inference of permission should be drawn by the jury.

It is our conclusion that such inference could not reasonably be drawn by the triers of fact. There was not the slightest evidence that Kirk had driven his own or any other car on a street or highway, or at any other time or place than that described above, at the ranch. There is no evidence that he coaxed his father to allow him to drive or that he even asked for permission on a single occasion. There is no evidence that the father suspected or should have suspected that his son had any intention of driving. Indeed, there is no evidence that the son himself had laid any plans to take his father's car before the morning of the accident.

The cases cited by appellant are distinguishable. In *Elkington* v. *California State Auto. Assn.*, 173 Cal.App.2d 338 [343 P.2d 396], the mother knew that her daughter had been driving, although she was unlicensed, but gave her no firm admonition against taking the mother's car. She suspected that the daughter might take it and removed the keys from an open place to her purse, but they were still easily found. In *Casey* v. *Fortune*, 78 Cal.App.2d 922 [179 P.2d 99], the mother knew that her son had driven her car, but continued to keep the keys in plain view.

The burden of proving permission is on the plaintiff. We hold that as a matter of law appellant failed to meet this burden.

Judgment of nonsuit in favor of respondent Kirk O. Salisbury is reversed. Judgment of nonsuit in favor of respondent Warren Salisbury is affirmed. Each party is to bear own costs on appeal.

Rattigan, J., and Christian, J., concurred.