[Civ. No. 1158. Fifth Dist. July 30, 1970.]

CAROLYN CHAPPELL, Plaintiff and Appellant, v.
CHARLES ALAN PALMER et al., Defendants and Respondents.

72

COUNSEL

Eugene Biglow and James C. Janjigian for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Coyle & Best and Hollis G. Best for Defendants and Respondents.

## OPINION

**GINSBURG, J.**[*] — This is an appeal from an adverse jury verdict in an action brought by appellant, a passenger in an automobile, against respondents, the minor driver and his parents. A previous trial resulted in a nonsuit, which was reversed on appeal (*Chappell* v. *Palmer,* 236 Cal.App.2d 34 [45 Cal.Rptr. 686]).

Appellant raises in this appeal the sole issue of the propriety of the instructions given the jury concerning the meaning of the term "wilful misconduct." Respondents contend that there was no error in the instructions, and raise as an additional issue the claim that the record submitted is insufficient to determine whether the error complained of, if any, resulted in a miscarriage of justice.

The questioned instructions are numbered 15 and 16 (submitted by respondents), and 18 and 20 (submitted by appellant), and read as follows:

*"Instruction No. 15.* 'Wilful misconduct,' as the term is used in these instructions, means intentional, wrongful conduct, done either with knowledge that serious injury to the guest probably will result, or with a wanton and reckless disregard of the possible results."

*"Instruction No. 16.* You will note from the foregoing that although wilful misconduct is a form of negligence, it is something more than negligence; more than even what might be called gross negligence. A guest may not recover against her host-driver for negligence, however it might be classified, unless that negligence amounted to wilful misconduct, which means intentional, wrongful conduct, done either with knowledge that serious injury to the guest probably will result, or with a wanton and reckless disregard of the possible results."[1]

*"Instruction No. 18.* You are instructed that the guest statute imposes on a driver of an automobile the duty of not intentionally doing that which should not be done, or failing to do what should be done, with knowledge which may be either express or implied, that injury will probably

---

[*]Assigned by the Chairman of the Judicial Council.

[1]Instruction 16 is substantially BAJI No. 209-J, which indicates that wilful misconduct is a form of negligence. This instruction was disapproved long before the trial of this case, for the reason that wilful misconduct and negligence are mutually exclusive terms. (See 2 Cal. Jury Instructions, Civil, (4th ed.), Note re instruction No. 209-J, 1967 Cumulative Pocket Parts; *Lynch* v. *Birdwell,* 44 Cal.2d 839, 847-848 [285 P.2d 919].) However, this instruction, erroneously given, does not constitute a ground for reversible error so long as the jury is otherwise properly instructed in the correct definition. (*Pappas* v. *Bogard,* 167 Cal.App.2d 599 [334 P.2d 947].) Furthermore, the appellant did not object to it at the trial and does not claim this as a ground for reversing the judgment herein.

result, or with wanton and reckless disregard of the possibility of injury to the guest.

"If you find from a preponderance of the evidence that the Defendant drove into the intersection of Jayne and Lassen Avenues in disregard of a high degree of danger, and this danger was known to him, or should have been apparent to a reasonable man, then such conduct would constitute wilful misconduct;

"In order that the defendant's conduct may be classed as wilful misconduct, it is not necessary that he himself recognize a situation as being extremely dangerous. It is enough that he knows or has reason to know of circumstances which would bring home to the realization of the ordinary reasonable man the dangerous character of his conduct, and the exposure of his guest to such danger."

*"Instruction No. 20.* The driver of a motor vehicle could be guilty of wilful misconduct in doing no wrong except driving at a speed which in the attendant circumstances would be excessive and reckless, provided either that in so driving he had knowledge that serious injury to his guest probably would result, or that the driving conditions were such that a reasonable driver would have been aware of such hazard."

Appellant's basic contention is that instructions 15 and 16 conflicted with instructions 18 and 20, in that the former required "intentional, wrongful conduct" as a necessary basis for any judgment in favor of plaintiff. She further contends that instructions 18 and 20 contain the correct definition of the term "wilful misconduct," based upon the language of this court in *Chappell* v. *Palmer, supra,* 236 Cal.App.2d 34.

With the exception of the comparison to negligence in instruction 16, both instructions 15 and 16 correctly state the definition of wilful misconduct. The definition formulated in *Meek* v. *Fowler,* 3 Cal.2d 420, 426 [45 P.2d 194], which is the basis of these instructions, has been consistently repeated and applied in virtually every automobile guest case involving an issue of wilful misconduct. (E.g., *Williams* v. *Carr,* 68 Cal.2d 579, 584 [68 Cal.Rptr. 305, 440 P.2d 505]; *Goncalves* v. *Los Banos Min. Co.,* 58 Cal.2d 916, 918 [26 Cal.Rptr. 769, 376 P.2d 833]; *Gillespie* v. *Rawlings,* 49 Cal.2d 359, 367-368 [317 P.2d 601]; *Emery* v. *Emery,* 45 Cal.2d 421, 426 [289 P.2d 218]; *Cope* v. *Davison,* 30 Cal.2d 193, 198 [180 P.2d 873, 171 A.L.R. 667]; *Olea* v. *Southern Pac. Co.,* 272 Cal.App.2d 261, 264 [77 Cal.Rptr. 332]; *Morrison* v. *Townley,* 269 Cal.App.2d 863, 867 [75 Cal.Rptr. 274]; *Espe* v. *Salisbury,* 262 Cal.App.2d 621, 623 [68 Cal.Rptr. 796]; *Palazzi* v. *Air Cargo Terminals, Inc.,* 244 Cal.App.2d 190, 195 [52 Cal.Rptr. 817].) Contrary to appellant's contentions, the court did not overrule or modify the *Meek* v. *Fowler* definition in *Chappell* v.

*Palmer, supra,* 236 Cal.App.2d 34, 36, but, instead, expressly recognized its binding effect. The court was concerned only with proof of the state of mind of the actor under the definition, and pointed out that this is "a subjective finding that can be seldom proved by direct evidence." In determining whether there was substantial evidence to meet the requirements of the *Meek* definition, this court stated the test of intent in wilful misconduct cases to be "whether a reasonable man under the same or similar circumstances as those faced by the actor would be aware of the dangerous character of his conduct." (P. 37.) This test was termed a "practical supplement to the general definition of wilful misconduct found in the cases."

Mr. B. E. Witkin in Summary of California Law (1969 Supp.) Torts, section 361, page 730, says of the *Chappell* test: "A more extended analysis was made in *Chappell* v. *Palmer* (1965) 236 C.A.2d 34, 45 C.R. 686, Supp., *infra,* § 362. The accepted definition deals with intent—the subjective state of mind of the defendant. But this is usually inferred from circumstantial evidence, and the issue is one of fact, with the jury's determination upheld on any substantial evidence. Thus, a pragmatic test has evolved: 'whether a reasonable man under the same or similar circumstances as those faced by the actor would be aware of the dangerous character of his conduct.' (236 C.A.2d 37.) Two distinguished authorities support this view: . . ."

Thus, the *Chappell* test clearly did not *supplant,* but did supplement the *Meek* definition.

■ Viewing the instructions in the light of these remarks, instruction 15 correctly states the general definition of wilful misconduct. ■ Instruction 18 recognizes this definition in its first paragraph, and in its last paragraph properly *supplements* it by using the "reasonable man" standard of *Chappell.* ■ Instruction 20 is incomplete in itself, the intentional elements of wilful misconduct being omitted; but read in conjunction with the other instructions, it would appear harmless.

■ Without concluding that the questioned instructions are a paragon of clarity, or that they should be used in their entirety as a model group, we do conclude that the first and third paragraphs of instruction 18 correctly state the *Meek* definition of wilful misconduct and the *Chappell* test of intent. The remaining instructions, although repetitive and surplus are not conflicting.

Having determined in respondents' favor the sole issue raised by appel-

lant, it becomes unnecessary to determine the issue raised by respondents of the sufficiency of the record.

The judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.