## CIRCUIT COURT OF THE CITY OF RICHMOND

Sarah Hernandez

v.

William Hernandez

May 19, 1978

Case No. A-801

BY JUDGE MARVIN F. COLE

For the purpose of this motion it is assumed that the plaintiff and defendant, who are husband and wife, are domiciliaries of the State of Virginia. An automobile accident occurred in the State of Maryland. The wife has sued her husband in Virginia for personal injuries alleged to have occurred as a result of the negligent operation of the motor vehicle by the husband.

The sole question before the court on motion of the defendant is whether the capacity to sue in an interspousal tort action should be determined by the place where the tort is committed or by the law of the domicile of the parties.

Both parties admit that under Maryland law a wife cannot sue her husband in tort. Therefore, the wife has no remedy in Maryland to recover from her husband for injuries received by her for his negligent operation of a motor vehicle, although the motor vehicle may be covered by liability insurance.

It is clear in a long line of cases that Virginia has applied the substantive law of the place of injury (*lex loci*) in determining which law will control in a tort case. However, the Supreme Court of Virginia has not had occasion to rule directly on the question of whether the capacity to sue in an interspousal tort action should be determined by the same law of the place of the injury or whether capacity to sue should be determined by the law of the domicile of the parties. At least I have been cited no case directly on this issue from Virginia.

I am not possessed of the wisdom to predict how the Supreme Court of Virginia or the General Assembly will ultimately determine this issue. However, I am persuaded that the best reasoned opinions are those that have come out since 1955, such as *Emery* v. *Emery*, 45 Cal. 2d 421, 289 P.2d 218 (1955); *Koplik* v. *C. P. Trucking Corp.*, 27 N.J. 1, 141 A.2d 34 (1958); *Haumschild* v. *Continental Casualty Company*, 7 Wis. 2d 130, 95 N.W.2d 814 (1959); and *Johnson* v. *Johnson*, 197 N.H. 30, 216 A.2d 781 (1966).

This court is of the opinion that the rule most supported by reason is that a determination of the capacity to sue in an interspousal tort action should be determined by the law of the domicile of the parties. This is in accord with the *Restatement of Conflict of Laws 2d.*