Filed 7/24/14  In re Fernando P. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re FERNANDO P. et al., Persons Coming Under the Juvenile Court Law. | B252666 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KAREN P.,<br><br>    Defendant and Appellant. | (Los Angeles County Super. Ct. No. DK00529) |

APPEAL from orders of the Superior Court of Los Angeles County.  Carlos Vasquez, Judge.  Reversed.

Terence M. Chucas, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

_____

In October 2013, the juvenile court found that Fernando (age 14), Joshua (age 10) and Michael (age 5), are children described in Welfare and Institutions Code section 300, subdivision (b)[1] (children who have suffered or are at risk of suffering physical harm due to their parents' failure to supervise or protect them) and, without adjudicating them dependent children of the court, ordered that services be provided to keep the family together and placed the children and their parents under the supervision of the Department of Children and Family Services (DCFS) for the period of time authorized by law. (§ 360, subd. (b).) Karen P. (Mother) appeals the dispositional order, contending that the children do not fall within section 300, subdivision (b).[2] We conclude that the evidence does not support jurisdiction under subdivisions (a), (b) or (j).

## FACTS AND PROCEEDINGS BELOW

The facts that gave rise to this cause are not in dispute. In January 2013, Mother hit Joshua with an open hand on his leg over his clothes. In swinging for his leg, Mother accidently struck Joshua's nose causing it to bleed. In June 2013, Mother struck Joshua with an open hand on his thigh. There is no evidence that either of those slaps caused bruises, swelling, cuts or any other physical injury to Joshua. DCFS conceded that it found the children to be "healthy and bonded with both parents."

In a petition under section 300, subdivisions (a), (b) and (j), DCFS alleged that the children have suffered or are at risk of suffering serious physical harm or illness "as a result of the failure or inability of [Mother] to supervise or protect the child[ren] adequately[.]" Specifically, the petition alleged: "In June of 2013, [Mother] physically abused the child Joshua by striking the child's nose and leg with the mother's hand, inflicting pain to the child's leg. In January of 2013, the mother struck the child's leg with the mother's hand. Such physical abuse was excessive and caused the child unreasonable pain and suffering. Such physical abuse of the child Joshua by the mother

---

[1]    All statutory references are to the Welfare and Institutions Code.

[2]    The children's father was afforded family reunification services but he was not named in the petition and he is not a party to this appeal.

2

endangers the child's physical health, safety and well-being and places the child and the child's siblings . . . at risk of physical harm, damage, danger and physical abuse."

Based on those allegations and the accompanying DCFS reports, the court found that it had jurisdiction over the children under section 300, subdivision (b) which states in relevant part that a child is within the jurisdiction of the court if: "The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child." The court dismissed the identical allegations under section 300, subdivisions (a) and (j).

The court did not declare the children dependents of the court. Rather it left the children in their father's home with weekend visitation by Mother and put the family under the informal supervision of DCFS. (§ 360, subd. (b); Cal. Rules of Court, rule 5.695(a)(2).) Mother filed a timely appeal. (*In re Adam D.* (2010) 183 Cal.App.4th 1250, 1258 [a disposition under section 360, subd. (b) is an appealable order].)

## DISCUSSION

The evidence does not support jurisdiction under section 300 subdivisions (a), (b) or (j). Subdivisions (a) and (b) each require proof that the child has suffered or is at risk of suffering "serious physical harm." The statute does not define "serious physical harm" but for purposes of due process notice "'[p]ersons of common intelligence'" are deemed to understand the term. (*In re Mariah T.* (2008) 159 Cal.App.4th 428, 436.) We do not believe that a parent of "common intelligence" would believe that a slap on the leg of her 10-year-old son which did not break the skin and left no mark or scar would constitute "serious physical harm" especially when the Legislature has declared that "'serious physical harm' does not include reasonable and age-appropriate spanking to the buttocks where there is no evidence of serious physical injury." (§ 300, subd. (a).) The spankings Mother gave Joshua were well within "the limits of reasonable parental discipline" recognized by our Supreme Court. (*Emery v. Emery* (1955) 45 Cal.2d 421, 429-420.)

3

As for Joshua's bloody nose, subdivision (a) of section 300 only applies to "harm inflicted nonaccidentally." The witnesses to the incident, Fernando and Joshua, told DCFS that Mother's hitting Joshua in the nose was an accident. Because there are no grounds for jurisdiction over Joshua under subdivisions (a) or (b) there is no ground for jurisdiction over Fernando and Michael under subdivision (j).

## DISPOSITION

The jurisdictional and dispositional orders are reversed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

JOHNSON, J.

4